Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 7990 | DATE | 10/8/2004 |
| CASE TITLE | | Sanders vs. USA | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's partial motion to dismiss is granted [22-1]. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | OCT 12 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | JXM | 36 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MF | courtroom deputy's initials | 2004 OCT 12 AM 8:25 FILED-FED | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TROY L. SANDERS, )
)
Plaintiff, )
) No. 02 C 7990
v. )
) Judge John W. Darrah
UNITED STATES OF AMERICA, )
)
Defendant. )

DOCKETED
OCT 1 2 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Troy L. Sanders ("Sanders"), filed suit against the Lakeside VA, a United States Veterans Administration health care facility. Sanders raises 5 claims for relief: (1) carelessly and negligently failing to prescribe and recommend intensive physical therapy following Sanders' May 9, 2000, total left-knee arthroplasty; (2) carelessly and negligently prescribing and recommending only four sessions of physical therapy over a twelve-week period of time subsequent to Sanders' July 11, 2000, left knee manipulation; (3) carelessly and negligently failing to treat Sanders from July 11, 2000, through September 1, 2000, due to a mistaken coverage dispute when it was known that Sanders' medically required several sessions of physical therapy on his left knee; (4) carelessly and negligently failing to prescribe, recommend, and/or approve treatment for Sanders by an outside joint replacement specialist when it was known that four separate orthopedic physicians recommended such course of care; and (5) carelessly and negligently prescribing and recommending that Sanders receive corrective surgery and aftercare at its facility for a continually deteriorating condition when it was known that four separate orthopedic physicians, including three of which are agents of the Defendant, opined that the Lakeside VA facility could not adequately

36

provide the intensive care that Sanders' condition required. Presently before the Court is Defendant's Partial Motion to Dismiss claims three through five.

## BACKGROUND

On May 9, 2000, a doctor at the Lakeside VA performed a total left-knee arthroplasty on Sanders. Lakeside discharged Sanders on May 23, 2000, with "no restrictions" and instructed him to follow up with the rehabilitation and orthopedic department in four weeks. A doctor at the Lakeside VA again observed Sanders on July 11, 2000, and determined that Sanders suffered significant range-of-motion loss and suffered from "frozen knee." On that same day, another Lakeside VA doctor performed a surgical manipulation of the knee; and Lakeside released Sanders the following day. Upon discharge on July 12, 2000, the Lakeside VA refused to pay for many of the services rendered to Sanders for his knee problems. This dispute continued until September 1, 2000, when the Lakeside VA said that it would start to cover the costs of Sanders' medical care again.

On February 16, 2001, Sanders filed a "claim for damage, injury, or death" with the Department of Veterans Affairs ("DVA") against the Lakeside VA for the disability which had developed in his left knee. On March 14, 2001, Sanders again filed a "claim for damage, injury, or death" against the Lakeside VA for injuries incurred as a direct and proximate result of surgeries and negligent aftercare he received from Lakeside on May 9, 2000, and July 11, 2000. This claim was denied by the Illinois Office of Veterans Affairs on January 17, 2002. Subsequently, Sanders filed a "Request for Reconsideration of Claim" with the DVA on June 5, 2002.

On March 29, 2001, April 24, 2001, August 3, 2001, and March 29, 2002, Sanders was seen by orthopedic physicians, who all recommended additional surgical procedures to treat Sanders'

2

arthrofibrosis, which had developed from the surgeries on May 9, 2000 and July 11, 2000. Three of these doctors were agents of the Lakeside VA, and one doctor was an independent joint-replacement specialist. All four doctors acknowledged that the required procedures and physical therapy were unlikely to be adequately provided by the Lakeside VA due to its limited physical therapy services. Two of the doctors, including one agent of the Lakeside VA, specifically recommended having the procedure done at an outside facility.

On August 27, 2003, Sanders filed a Second Amended Complaint with the United States District Court for the Northern District of Illinois.

## ANALYSIS

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

The Veterans Judicial Review Act of 1988 ("VJRA") provides a specific framework for the adjudication of claims regarding veterans' benefits. *See* Pub.L. No. 100-687, Tit. III, 102 Stat. 4105, 4113-4122 (1988). Specifically, veterans' benefits are defined as "any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e). The process of adjudication "begins when a claimant files for benefits with a regional office of the

3

Department of Veterans Affairs." *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). Once a claim is filed, the Secretary of the VA decides the question raised by the claim. *See* 38 U.S.C. § 511(a). The authority and duties of the Secretary are as follows:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans... Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). Relevant questions of law and fact that cannot be reviewed by any official or court include: (1) claims seeking a particular type or level of medical care, *See Larrabee v. Derwinski*, 968 F.2d 1497, 1500 (2d Cir. 1992); (2) claims reviewing the adequacy of medical attention provided to the claimant, *See Thomas v. Principi*, 265 F.Supp.3d 35, 39 (D.C. 2003); (3) claims requesting medical expense reimbursements, *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000); (4) claims challenging the denial of a DVA benefit, *see Liebers v. St. Albans Medical Center*, 2000 WL 235717 (E.D. N.Y. February 25, 2000); (5) claims challenging a decision by the DVA to reduce a veteran's benefits, *see Hicks v. Small*, 69 F.3d 967, 970 (9th Cir. 1995); and (6) claims challenging the DVA's decision not to pay for outside medical care, *see State of New York v. Eadarso*, 946 F.Supp. 240, 242-243 (E.D. N.Y. 1996).

Upon receiving a decision from the regional office, the claimant may appeal to the Board of Veterans Affairs (the "Board"). 38 U.S.C. § 7104(a). The Board then "issues the final decision of the Secretary, or remands the claim to the regional office for further development and subsequent appeal." *Beamon*, 125 F.3d at 967 (citing 38. U.S.C. § 7104). The Court of Veterans Appeals ("CVA") has "exclusive jurisdiction to review decisions by the Board of Veterans Appeals."

38 U.S.C. § 7252(a). Lastly, the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review decisions of the CVA. 38 U.S.C. § 7292.

The Defendant argues that Sanders' third, fourth, and fifth claims should be dismissed for lack of subject matter jurisdiction. Sanders has not submitted a response to the Partial Motion to Dismiss.

This Court lacks jurisdiction to consider Sanders' third claim. Sanders' third claim for failure to treat him during the mistaken coverage dispute is barred by 38 U.S.C. § 511(a) because the claim deals specifically with an issue of payment; and payment issues are explicitly listed as a 'benefit' issue under 38 U.S.C. § 20.3(e).

This Court also lacks jurisdiction over Sanders' fourth and fifth claims. First, like Sanders' third claim, the fourth and fifth claims are barred as pertaining to veterans' medical benefits by 38 U.S.C. § 511(a). These claims referred to the Lakeside VA's action and inaction regarding a decision as to Sanders' medical treatment. Specifically, Sanders' fourth claim charges the Lakeside VA with "carelessly and negligently failing to prescribe, recommend, and/or approve treatment" for him at an outside or non-VA facility. This claim refers to the Lakeside VA's inaction regarding Sanders' medical treatment. Likewise, Sanders' fifth claim charges the Lakeside VA with "carelessly and negligently prescribing and recommending" that he receive continued care at the Lakeside VA. This claim refers to the Lakeside VA's action regarding Sanders' medical treatment. Analogously, in *Price v. United States,* a veteran alleged that the VA's failure to pay his medical bills was wrongful because the VA had a legal obligation to make payments due to Price's veteran status. 228 F.3d 420, 421 (D.C. Cir. 2000). The Court of Appeals held that because Price was challenging the VA's action or inaction with respect to a veterans' benefits matter, the district court

5

lacked subject matter jurisdiction over the complaint. *See* 38 U.S.C. § 511(a); *Weaver v. United States*, 98 F.3d 518, 519-520 (10th Cir. 1996) (the substance of veteran's claims, not the labels plaintiff assigns them, governs jurisdictional determination)." *Price*, 228 F.3d at 421. Likewise, to determine whether the Lakeside VA should have sent Sanders to a non-VA facility and/or refrained from treating Sanders themselves requires the Court to second-guess medical judgments made by the Lakeside VA. Specifically, the Court would have to determine whether the Lakeside VA acted properly in not referring Sanders for treatment of his arthrofibrosis of the left knee at a non-VA facility. Thus, this claim seeks review as to a particular type or level of medical care, which is substantively barred by 38 U.S.C. § 511. *Thomas*, 265 F.Supp.2d at 39 (citing *Larrabee*, 968 F.2d at 1500).

Furthermore, Sanders cannot bring his fourth and fifth claims under the Federal Tort Claim Act because he failed to satisfy the prerequisite of a disposition by the DVA pursuant to 28 U.S.C. § 2675. Specifically, 28 U.S.C. § 2675(a) provides, in pertinent part, that:

> an action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . .

Sanders has not brought these claims to the DVA for consideration; and, thus, these claims have not been finally denied by the DVA, as required. Moreover, even if Sanders' claims were not barred by § 2675(a), Sanders is asking for the Court to determine whether benefits were denied to him that

6

should have been provided. As previously noted, an issue of this nature is barred by 38 U.S.C. § 511(a). *Liebers*, 2000 WL 235717 at *1; *see Thomas*, 265 F.Supp.2d at 39; *see also Larrabee*, 968 F.2d at 1499-1500. Accordingly, Sanders' fourth and fifth claims of his Second Amended Complaint are also outside the jurisdiction of this Court.

## CONCLUSION

For the reasons stated above, the Defendant's Partial Motion to Dismiss is granted.

Dated: October 8, 2004

JOHN W. DARRAH
United States District Judge